IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAUREN ENNIS and DARREN ENNIS, | : : | |
| Plaintiffs, | : | Civil Case No. 3:12-CV-01770 |
| v. | : : | (Judge Brann) |
| WAL-MART STORES, INC., d/b/a SAM'S WHOLESALE CLUB, d/b/a WAL-MART NEIGHBORHOOD MARKET, d/b/a WALMART NEIGHBORHOOD MARKET, d/b/a WALMART MARKET, WAL-MART STORES EAST, INC., d/b/a WAL-MART SUPERCENTER, WAL-MART STORES EAST, LP, NEIGHBORHOOD MARKETS, NEIGHBORHOOD MEAT MARKETS, INC., SAM'S EAST, INC., d/b/a SAM'S CLUB, d/b/a SAM'S CLUB, INC., and ANNA GONZALEZ, Defendants. | : : : : : : : : : : : : : : : : | |

**MEMORANDUM**

March 12, 2013

For the following reasons, plaintiffs's motion to remand is granted.

**I.   HISTORY**

Plaintiffs began this personal injury action by filing a complaint with the

Court of Common Pleas of Luzerne County on or about July 30, 2012, naming the

1

above-captioned defendants. (Rec. Doc. No. 4 at 2). According to plaintiffs, various Wal-Mart and Sam's defendants were served on or about August 4, 2012, (Rec. Doc. No. 4 at 2 & Ex. A), although "Wal-Mart"[1] disagrees, claiming in its Notice of Removal (the "Notice") that service was made two days later, on August 6, 2012. (Rec. Doc. No. 4 at 5). Again according to plaintiffs, Neighborhood Meat Markets, Inc., was served on or about August 3, 2012, although the documentary evidence supplied by plaintiffs to the Court indicates that service was made on August 9, 2012. (Rec. Doc. No. 4 at 3 & Ex. F). It is not clear to the Court from the parties's submissions whether additional defendants have been duly served.

On September 5, 2012, "Wal-Mart"[2] filed for removal to federal court, alleging diversity of citizenship of the parties as the basis for federal jurisdiction. Specifically, Wal-Mart alleged that plaintiffs were citizens of Pennsylvania, while Wal-Mart was not a citizen of Pennsylvania. (Rec. Doc. No. 1 at 4-5). Wal-Mart's filing neither informed the Court of the citizenship of Neighborhood Markets,

---

[1]The docket in this case shows that a single attorney represents all defendants. The Notice, however, is filed solely in the name of "Wal-Mart." It is not clear to the Court which of the defendants are included under the name "Wal-Mart."

[2]In its "Notice of Filing of Notice of Removal," Wal-Mart purports that the Notice was filed by "Defendants Wal-Mart and Anna Gonzales." (Rec. Doc. No. 1 at 2) The "Notice of Removal Action" itself is in the name of "Wal-Mart" alone.(Rec. Doc. No. 1 at 4).

Neighborhood Meat Markets, Inc., and Anna Gonzalez; nor did it indicate which, if any, defendants joined or consented to removal.

On October 9, 2012, plaintiffs filed a motion to remand to state court, as well as a brief in support. (Rec. Doc. No. 4). Plaintiffs asserted that the "Defendants [*sic*] Notice of Removal was not timely filed" under 28 U.S.C. § 1446 ("Procedure for removal of civil actions"), and that the allegations in the complaint showed that diversity of citizenship was lacking. (Rec. Doc. No. 4 at 2-4). Specifically, plaintiffs (whose complaint states that they reside in Pennsylvania) asserted that the complaint listed mailing and registered office addresses in Pennsylvania for defendants Neighborhood Markets, Inc., and Neighborhood Meat Markets, Inc.; a Pennsylvania mailing address for Sam's East, Inc., d/b/a Sam's Club, d/b/a Sam's Club, Inc.; and Pennsylvania work and residence addresses for Anna Gonzales. Id. Plaintiffs attached to their motion for remand evidence showing that Neighborhood Markets, Inc., and Neighborhood Meat Markets, Inc. are corporations domestic to Pennsylvania. (Rec. Doc. No. 4 Ex. B & C).

No defendant filed a brief in opposition.

II.   **APPLICABLE LAW**

Wal-Mart's power to remove this case from state to federal court is limited.

Generally, only a "civil action brought in a State court of which the district courts of the United States have original jurisdiction" is removable. 28 U.S.C. § 1441(a). "The defendant's right to remove is to be determined according to the plaintiffs' pleading at the time of the petition for removal, and it is the defendant's burden to show the existence of federal jurisdiction." Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985). Removal statutes "should be strictly construed and all doubts should be resolved in favor of remand." Id.

Wal-Mart's sole ground for removal is the parties's alleged diversity of citizenship. Federal courts exercise only limited jurisdiction, see generally, 13E Fed. Practice & Procedure § 1006 (3d ed.), and should be especially "demanding in evaluating whether diversity jurisdiction subsists," because "the concerns of judicial economy and of due respect for the principles of federalism are most apposite" in that context. Carlsberg Res. Corp. v. Cambria Sav. and Loan Ass'n, 554 F.2d 1254, 1256-57 (3d Cir. 1977).

For a federal court to exercise jurisdiction on the basis of diversity of citizenship, the diversity must be "complete." "Under this principle, diversity jurisdiction is confined to suits in which all plaintiffs are from different states from all defendants." 15 Moore's Fed. Practice § 102.12. (3d ed.).

Even if diversity is complete amongst the parties, for a case to be removed from state to federal court, a defendant must file notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief," 28 U.S.C. § 1446(b)(1)[3], and "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

Finally – and not related solely to the removal context – Local Rule 7.6 of this district provides that "[a]ny party opposing any motion . . . shall file a brief in opposition within fourteen (14) days after service of the movant's brief . . .. Any party who fails to comply with this rule shall be deemed not to oppose such

---

[3]The complete provision is:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

The parties to this motion agree that Wal-Mart was served with a complaint, but disagree as to the date of service. (Rec. Doc. No. 1 at 5 & Rec. Doc. No. 4 at 2)

5

motion."

### III. ANALYSIS

No defendant has filed a brief in opposition to plaintiffs's motion to remand. Defendants are, accordingly, deemed not to oppose the motion. See LR 7.6. Even if defendants had opposed the motion, remand would be warranted.

Wal-Mart has failed to meet its burden of showing the existence of federal jurisdiction based on diversity of citizenship. The Notice alleges that Wal-Mart and plaintiffs are citizens of different states, (Rec. Doc. No. 1 at 5), but fails to allege that Neighborhood Markets, Neighborhood Meat Markets, Inc., and Anna Gonzalez are also not citizens of the same state as plaintiffs. There is no way to tell from the Notice whether the complete diversity requirement is met in this case, and construing the Notice in favor of remand, the Court must assume that it has not been met. See Abels, 770 F.2d at 29 (doubts should be resolved in favor of remand).

Moreover, the complaint alleges that defendant Anna Gonzalez is resident and working in Pennsylvania, and evidence attached to the plaintiffs's motion for remand shows that defendants Neighborhood Markets, Inc., and Neighborhood Meat Markets, Inc., are corporations domestic to Pennsylvania. (Rec. Doc. No. 4

at 3 & Ex. B & C). See also 28 U.S.C. § 1332(c)(1) (generally, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business"). In the absence of any contrary indication from defendants, the Court cannot conclude that Wal-Mart has established an entitlement to removal.

Plaintiff also asserts that Wal-Mart's Notice was not timely filed within 30 days of receipt of the complaint on August 4, 2012. (Rec. Doc. No. 4 at 2). Wal-Mart disagrees, averring that it was served on August 6, 2012, which would make the Notice, filed on September 5, 2012, timely. (Rec. Doc. No. 1 at 5). Based on its conclusion that the Notice fails to establish diversity jurisdiction even if timely filed, the Court does not need to settle this factual dispute.

Although it does not control the outcome of this motion,[4] the Court notes that Wal-Mart's submissions do not establish that "all defendants who have been properly joined and served . . . join in or consent to the removal of the action," 28 U.S.C. § 1446(b)(2)(A), despite all defendants being represented by the same

---

[4]Plaintiffs have not raised the issue of Wal-Mart's failure to show the joinder and consent of all defendants to removal; the requirement is procedural and therefore plaintiffs have waived objection. See Farina v. Nokia, Inc., 625 F.3d 97, 114 (3d Cir. 2010) (discussing waiver of procedural defects in the removal context).

counsel. Wal-Mart's Notice does not permit the assumption that all defendants concur in removal. The Notice was filed in the name of "Wal-Mart" only, and refers to Wal-Mart as a singular entity (i.e., "Defendant, Wal-Mart, is a Delaware corporation and only authorized to transact business within the Commonwealth of Pennsylvania," (Rec. Doc. No. 1 at 5)). Defendants Neighborhood Markets, Inc., Neighborhood Meat Markets, Inc., and Anna Gonzalez are mentioned nowhere in the text of the Notice. Wal-Mart's submission does not constitute a clear and unambiguous indication from all defendants that each joins or consents in removal, as required to satisfy the "rule of unanimity." See Ogletree v. Barnes, 851 F. Supp. 184, 186-190 (E.D. Pa. 1994). Of course, even had the rule been satisfied, remand would be appropriate based on Wal-Mart's failure to establish federal jurisdiction.

    An Order follows.

                                                         s/ Matthew W. Brann
                                                         Matthew W. Brann
                                                         United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAUREN ENNIS and DARREN ENNIS, | : : | |
| Plaintiffs, | : | Civil Case No. 3:12-CV-01770 |
| v. | : : | (Judge Brann) |
| WAL-MART STORES, INC., d/b/a SAM'S WHOLESALE CLUB, d/b/a WAL-MART NEIGHBORHOOD MARKET, d/b/a WALMART NEIGHBORHOOD MARKET, d/b/a WALMART MARKET, WAL-MART STORES EAST, INC., d/b/a WAL-MART SUPERCENTER, WAL-MART STORES EAST, LP, NEIGHBORHOOD MARKETS, NEIGHBORHOOD MEAT MARKETS, INC., SAM'S EAST, INC., d/b/a SAM'S CLUB, d/b/a SAM'S CLUB, INC., and ANNA GONZALEZ, | : : : : : : : : : : : : : : | |
| Defendants. | : | |

**O R D E R**

**March 12, 2013**

For the reasons stated in the accompanying Memorandum,

**IT IS HEREBY ORDERED THAT:**

1. The plaintiffs's "Motion for Remand" is **GRANTED**.

9

2. Pursuant to 28 U.S.C. § 1447(c), the case is remanded to the Court of Common Pleas of Luzerne County.

                                                         s/ Matthew W. Brann
                                                   Matthew W. Brann
                                                   United States District Judge